688 N.W.2d 77 (2004)
471 Mich. 904
CASTLE INVESTMENT COMPANY, Plaintiff-Appellant,
v.
CITY OF DETROIT, Defendant-Appellee.
Docket No. 121598. COA No. 224411.
Supreme Court of Michigan.
October 28, 2004.
On order of the Court, the motion for reconsideration of this Court's June 11, 2004 order is GRANTED, and that order is replaced by the following:
After granting leave to appeal, 468 Mich. 869, 661 N.W.2d 230 (2003), this Court has carefully considered the written and oral arguments of the parties. On order of the Court, for the reasons set forth below, we REVERSE the judgment of the Court of Appeals, and we REMAND this case to that court for further proceedings.
In 1976, the City of Detroit adopted ordinance 124-H, which required inspection of buildings and issuance of a certificate of approval before certain real property could be sold or transferred in the City. Section 26-3-4 of the ordinance (formerly section 12-7-4) provided that the certificate of approval shall be issued only after the city had inspected a building and found it to be in conformance with the guidelines described in section 26-3-6 of the ordinance (formerly section 12-7-6). That section, in turn states, "The guidelines shall not be effective until approved by city council." It is undisputed that the city council never approved the guidelines.
Plaintiff brought this action in 1998, claiming that the ordinance was unenforceable because the guidelines had never been approved. The circuit court granted summary disposition to defendant. The Court of Appeals affirmed in an unpublished opinion. Castle Investment Co v. Detroit (Docket No. 224411, 2002 WL 433164, released March 19, 2002).
An examination of the ordinance leads inescapably to the conclusion that the certificate-of-approval provisions of ordinance 124-H, as amended, cannot lawfully be enforced because the city council never approved the inspection guidelines. Thus, there are no guidelines and, without those guidelines, the City is unable to issue a certificate of approval. For this reason, the circuit court erred in failing to enjoin enforcement of the certificate-of-approval provisions of the ordinance.
The circuit court and the Court of Appeals held that the defendant was entitled to summary disposition on the ground of laches. We reject that analysis. Without expressing any opinion on the validity of laches as a defense to a challenge to the enactment of an ordinance, we determine that defendant did not meet the standard for summary disposition. Defendant did not show that the delay in bringing the action resulted in the kind of prejudice that would support a laches defense.
We REMAND this case to the Court of Appeals for consideration of the issues raised in the City of Detroit's cross-appeal.
We do not retain jurisdiction.