# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2006

127144

VILLAGE OF LINCOLN,
      Plaintiff-Appellee,

v

VIKING ENERGY OF LINCOLN, INC.,
      Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 127144
COA: 246319
Alcona CC: 00-010619-CE

On January 12, 2006, the Court heard oral argument on the application for leave to appeal the August 24, 2004 judgment of the Court of Appeals. On order of the Court, the application is again considered. In lieu of granting leave to appeal, we VACATE that portion of the judgment of the Court of Appeals that addressed the claim that the trial court erred in holding that public policy did not bar a challenge to plaintiff's enactment of the zoning ordinance. MCR 7.302(G)(1). Because the Court of Appeals affirmed the trial court's ruling that section 6 of zoning ordinance 96-2 was unconstitutional as applied to defendant under the circumstances, the ostensible public policy bar to the challenge was rendered moot, and the discussion of it by the Court of Appeals was dicta.

CORRIGAN, J., concurs and states as follows:

I concur in the Court's order to vacate the specified portion of the Court of Appeals judgment. I write separately to note that I question the Court of Appeals conclusion in *Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493 (2000). In an appropriate case, this Court should squarely review the continuing validity of the so-called "public policy" doctrine. Even after the passage of many years, a challenge that alleges that a zoning ordinance was improperly enacted may yet proceed. See, e.g., *Castle Investment Co v Detroit*, 471 Mich 904 (2004) (barring the enforcement of provisions of an improperly enacted 1976 ordinance that the plaintiff did not specifically challenge until 1998). For this reason, I concur in vacating the Court of Appeals reliance on a "public policy" ground described in *Jackson*.

CAVANAGH, WEAVER, and KELLY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2006

_____
Clerk

s0124